UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT ALDRICH | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 09-11282-JLT |
| | * | |
| MICHAEL LINSKY, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM

May 17, 2010

TAURO, J.

I.      Introduction

        This action arises out of Defendants' seizure of Plaintiff's vehicle, allegedly in violation of the Fourth Amendment to the United States Constitution. Defendant Sergeant Michael Linsky moves pursuant to Rule 12(b)(6) to dismiss the two claims asserted against him under 42 U.S.C. § 1983, "Reckless and deliberate indifference to Aldrich's federally protected civil rights" and "Illegally seizing Aldrich's motor vehicle in conspiracy with Det. Doogan and Milton Police Sgt. Michael Breen." Because Plaintiff's complaint fails to allege facts sufficient to sustain either claim against Defendant Linsky, Defendant's Motion to Dismiss [#30] is ALLOWED.

II.     Background

        Plaintiff's complaint alleges, in relevant part, the following facts: Sergeant Michael Breen of the Milton Police Department stopped Plaintiff on Saint Brendan Road, Dorchester, Massachusetts. Sergeant Breen requested Plaintiff's license and registration, then searched Plaintiff's motor vehicle

with the assistance of two other Milton Police Officers. Sergeant Breen informed Plaintiff that he was under arrest for Operating a Motor Vehicle without a license. Around that time, a Boston Police cruiser arrived on scene. Boston Police Officer John Nguyen placed the Plaintiff under arrest. Sergeant Breen then alerted the Boston Police that he believed Plaintiff's vehicle contained stolen property.

At the urging of Sergeant Breen, the Boston Police secured Plaintiff's vehicle and towed it from the scene. Sergeant Breen contacted detectives at the Area C-11 Boston Police Station and informed them that Plaintiff's vehicle, which contained stolen property, was being towed. Sergeant Linsky directed that the Plaintiff's motor vehicle be towed to the Area C-11 police station in Dorchester, Massachusetts.

Boston Police Detective Kevin Doogan later executed a search warrant on the Plaintiff's motor vehicle and recovered stolen items. Detective Doogan executed a second search warrant on the Plaintiff's coat and clothes from the morning of his arrest. Thereafter, a Suffolk County Grand Jury indicted the Plaintiff on ten separate charges. A Suffolk Superior Court Judge allowed Plaintiff's Motion to Suppress the evidence obtained through the search warrants, however, and all of the criminal charges were subsequently dismissed or otherwise disposed of in the Plaintiff's favor.

III.    Discussion

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"[1] as against the Defendant in question. The court is obliged to accept the truth of plaintiff's well-pleaded facts and to draw every reasonable inference in the plaintiff's favor, but "threadbare recitals of a cause of action's elements, supported by

---

[1] Ashcroft v. Iqbal, 126 S.Ct. 1937, 1949 (2009) (internal quotation omitted).

mere conlusory statements" will not suffice.[2] Measured against this standard, Plaintiff's complaint fails to allege facts which would give rise to a constitutional violation sufficient to sustain his Section 1983 claims against Defendant Sergeant Linsky.

"Section 1983 creates a remedy for violations of federal rights committed by persons acting under color of state law."[3] To state an actionable claim pursuant to Section 1983, Plaintiff must allege facts demonstrating that the defendant deprived the plaintiff of a right, that there is a causal connection between the actor and the deprivation, and that the defendant is a state actor.[4] Here, Plaintiff seeks to satisfy the first element, deprivation of a federal right, through an allegation that Sergeant Linsky violated his rights under the Fourth Amendment to be free from unreasonable seizure of his property.

Sergeant Linsky is mentioned in Plaintiff's complaint only once. Specifically, paragraph 57 of the complaint indicates that, after other Boston Police officers had seized Plaintiff's vehicle and decided to have it towed, Sergeant Linsky directed them to tow it to the Area C-11 station rather than a tow lot. Importantly, Sergeant Linsky was uninvolved in the decisions to stop Plaintiff, to arrest him, and to seize and tow Plaintiff's vehicle. Rather, Sergeant Linsky merely instructed Sergeant Breen as to where to send the vehicle after it had already been seized. Even assuming that the seizure of Plaintiff's vehicle violated his constitutional rights under the Fourth Amendment, Plaintiff cannot have a constitutional interest in the location to which the vehicle is towed after seizure. In other words, by the time Sergeant Linsky became involved in the

---

[2] Id.

[3] Sanchez v. Pereira-Castillo, 590 f.3d 31, 40 (1st Cir. 2009) (internal quotation omitted).

[4] Id. at 41.

situation, any potential constitutional violation was already complete. Accordingly, Plaintiff has failed to plead facts sufficient to demonstrate that Sergeant Linsky deprived him of a federal right and, thus, his Section 1983 claim against Sergeant Linsky must be dismissed.

As to Plaintiff's claim that Sergeant Linsky conspired with others in the seizure of Plaintiff's vehicle, the complaint is devoid of any facts to support such a conclusory allegation. Thus, Plaintiff's second claim against Sergeant Linsky, "Illegally seizing Aldrich's motor vehicle in conspiracy with Det. Doogan and Milton Police Sgt. Michael Breen," must also be dismissed.

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [#30] is ALLOWED. This action is DISMISSED as to Defendant Sergeant Linsky.

AN ORDER HAS ISSUED.

                                                      /s/ Joseph L. Tauro
                                                     United States District Judge