UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ALDRICH, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF MILTON, <br> MILTON POLICE DEPARTMENT, <br> MICHAEL BREEN, LAWRENCE <br> LUNDRIGAN, CHRISTOPHER NEE, <br> PAUL NOLAN, CITY OF BOSTON, <br> KEVIN DOOGAN and JOHN NGUYEN, <br><br> Defendants. | C.A. NO. 09-CA-11282-JLT |

### PLAINTIFF'S MOTION FOR RELIEF TO CURE PREJUDICE CAUSED BY CITY OF BOSTON'S EX PARTE DEPOSITION

Plaintiff Robert Aldrich ("Aldrich") hereby moves the Court to enter an order that will cure the prejudice Plaintiff suffered when the defendant City of Boston took a deposition *ex parte* of Plaintiff's father, Robert Aldrich, Sr., on May 17, 2012. Aldrich never received notice of the deposition and Boston's counsel made only a minimal effort to contact Aldrich's counsel on May 17 before proceeding with the deposition. Aldrich has been prejudiced by his inability to have counsel present at the deposition. As further grounds for this motion, Aldrich states the following:

1. In mid-April 2012, counsel for the City of Boston, Raquel Ruano ("Ruano"), notified opposing counsel that she was preparing to serve deposition subpoenas on Plaintiff's parents, Robert Aldrich, Sr. and Phyllis Aldrich *[sic]* requiring them to attend depositions on May 7 and 8, respectively. (See Ex. 1). Undersigned counsel do not represent either of Plaintiff's parents.

2. Ruano never sent out written notices for either deposition. On May 4, 2012, Ruano notified Courtney Evanchuk ("Evanchuk"), Aldrich's counsel, that she could not locate Plaintiff's mother. Given that Ruano had never noticed the depositions, Evanchuk told her that she and Plaintiff's other counsel, Ilene Robinson Sunshine ("Sunshine") had not reserved either May 7 or 8 on their schedules and requested that Ruano reschedule the depositions. (See Ex. 2). Ruano then sent an email to counsel stating that she planned to resubpoena Plaintiff's parents to attend depositions on May 9 and 10, 2012. (See Ex. 3). Ruano did not send out deposition notices for these dates, either.

3. On May 4, 2012, Ruano left the employ of the City of Boston and filed a notice of change of address in this action. On the same date, Ruano filed a motion to extend the time for filing defendant Doogan's summary judgment motion on the grounds that she needed time to depose Plaintiff's parents. Ruano based her motion on the unavailability of Plaintiff's counsel without disclosing that Plaintiff's counsel had not reserved any dates because Ruano never noticed or even confirmed the depositions.[1] On May 4 Ruano also requested that counsel advise her of their availability for the depositions in mid-May. Evanchuk replied that Plaintiff's counsel could be available on May 16, 17 or 18. (See Ex. 4).

4. Before leaving her job on May 4, Ruano evidently prepared deposition notices for May 17 and 18 and signed certificates of service attesting (falsely) that she had served them on counsel that day. (See Ex. 5).

5. On May 7, someone at the City of Boston signed Ruano's name to a cover letter transmitting the deposition notices and evidently mailed them to the other defendants' counsel,

---

[1] On May 8, 2012, the Court denied Ruano's motion because there was "no reason appearing why the depositions could not have been taken sooner and no reason appearing why the discovery would have any effect on the motion for summary judgment . . ."

but not to Plaintiff's counsel. (See Ex. 6 and Affidavit of Ilene Robinson Sunshine). Neither Sunshine nor Evanchuk learned of the depositions until late morning on May 17.

6. At around 10:10 AM on May 17, Ruano left Sunshine and, minutes later, Evanchuk voice messages indicating that the deposition of Aldrich, Sr. was underway. (See Ex. 7; the message to Evanchuk was almost identical). Ruano made no effort to contact either counsel's assistant, the firm receptionist or anyone else to see whether counsel could be reached in the office, by cell phone or otherwise. Ruano did not send emails trying to locate Plaintiff's counsel. Ruano's voice message did not even say what room in City Hall the deposition was taking place in, or leave a telephone number where Ruano (who presumably no longer had an office in City Hall) could be reached. At the time Ruano left the voice messages, Evanchuk was outside her office and Sunshine was in a client meeting in her office.

7. Sunshine contacted Ruano later that day and requested that Ruano take steps to rectify her mistake and postpone the deposition of Plaintiff's mother scheduled for the next day so that she or Evanchuk could arrange their schedules to attend. Ruano refused "[i]n light of the tight litigation schedule set by both Magistrate Judge Collins *[sic]* and Judge Tauro . . . ." In fact, discovery does not end until June 19, 2012 and the Court has already made clear that these depositions are not necessary to this stage of the case. When Sunshine notified Ruano that she, Sunshine, would file a motion for appropriate relief, Ruano accused Sunshine of "further burden[ing] the court with baseless discovery motions" that, according to Ruano, "is plainly an attempt to harass, drive up the cost of litigation, and pad your own attorneys *[sic]* fees." (See Ex. 8).

8. Evanchuk was able to arrange her schedule on less than a day's notice to attend the second deposition. Aldrich has been prejudiced by his counsel's exclusion from the deposition

of his father because his counsel were not able to interpose objections as to the form and substance of questions or to cross-examine.

WHEREFORE, Plaintiff requests that the Court enter an order providing the following:

A. Defendant City of Boston may retake the deposition of Robert Aldrich, Sr. upon proper notice to opposing counsel at a time convenient to Aldrich's counsel;

B. Defendant City of Boston shall bear all costs incurred in taking such deposition.

C. No party may use the deposition of Robert Aldrich, Sr. taken on May 17, 2012 for any purpose in this action.

ROBERT ALDRICH,

By his attorneys,

/s/ Ilene Robinson Sunshine
Ilene Robinson Sunshine (BBO # 423000)
isunshine@sandw.com
Courtney Evanchuk (BBO #668118)
cevanchuk@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

Dated: May 21, 2012

- 5 -

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 21, 2012.

/s/ *Ilene Robinson Sunshine*

## Certificate of Conference Pursuant to Local Rule 7.1

I hereby certify that I conferred with Raquel Ruano by email and telephone on May 17, 2012 in an effort to resolve or narrow the issues set forth in this motion.

/s/ *Ilene Robinson Sunshine*