UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 09-11282-JLT

ROBERT ALDRICH,
   **Plaintiff,**

v.

TOWN OF MILTON, MILTON POLICE
DEPARTMENT, MICHAEL BREEN,
LAWRENCE LUNDRIGAN, **** NEE,
PAUL NOLAN, CITY OF BOSTON,
BOSTON POLICE DEPARTMENT,
KEVIN DOOGAN, MICHAEL LINSKY,
JOHN NGUYEN,
   **Defendants.**

### DEFENDANT CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (#183)

Now comes the Defendant, City of Boston ("City"), and hereby opposes Plaintiff's Motion for Sanctions for Relief to Cure Prejudice Caused By City of Boston's Ex Parte Deposition (#183). As reasons therefore, the City states that it gave notice to Plaintiff, through counsel, of the depositions of Robert Aldrich Sr. and Phyllis White, which took place on May 17, 2012, and May 18, 2012, respectively (collectively "the depositions"). In support of its opposition, the City states as follows:

1. <u>The City sent out deposition notices to all counsel of record for the May 17th and May 18th depositions.</u>

Counsel for the City, Attorney Raquel Ruano ("Attorney Ruano") attempted to reschedule the depositions of two third-party witnesses, Robert Aldrich Sr. and Phyllis White, prior to the summary judgment deadline of May 14, 2012. Affidavit of Counsel, Raquel Ruano, attached as Exhibit 1. Plaintiff's counsel stated that they were unavailable to attend these depositions until

1

after the summary judgment deadline. Exhibit 1. Attorney for Plaintiff, Courtney Evanchuk ("Attorney Evanchuk"), requested that the depositions be held on May 17, 2012, and May 18, 2012. See Exhibit 4 to Plaintiff's Motion. In accordance with Attorney Evanchuk's request, the depositions were scheduled and noticed for May 17, 2012, and May 18, 2012. On May 7, 2012, counsel for the City, mailed out the deposition notices to all counsel of record. Exhibit 1; Affidavit of Administrative Assistant Patricia Wilson, attached as Exhibit 2.

On May 17, 2012, counsel for all parties with the exception of the Plaintiff, appeared for the scheduled deposition of Robert Aldrich Sr. Exhibit 1. Attorney John Cloherty and Attorney Jeremy Silverfine, the two other attorneys on this case, acknowledged that they had in fact received the deposition notices. Exhibit 1. When counsel for the Plaintiff failed to appear, Attorney Ruano courteously delayed the start of the deposition in order to contact both attorneys for Plaintiff and leave voicemails. Exhibit 1. Neither Attorney Ilene Sunshine ("Attorney Sunshine") nor Attorney Evanchuk returned those phone calls. Exhibit 1. Accordingly, after waiting fifteen minutes, Attorney Ruano began the deposition. Exhibit 1. At 2:28pm, Attorney Sunshine sent an email indicating that she would be filing a motion for sanctions because she contends that she never received a deposition notice[1]. Exhibit 1. Plaintiff, however, cites to no case law where failing to receive a deposition notice is sanctionable against the noticing party. Compare Fed.R.Civ.P. 30(a); Fed.R.Civ.P. 5(b).

2. Date discrepancy is irrelevant.

Attorney Sunshine somehow alleges that the differing dates on the certificate of service and the cover letter is an excuse for her failure to attend the scheduled and noticed May 17, 2012,

---

[1] Significantly, both Attorney Sunshine and Attorney Evanchuk were served with motions to extend the summary judgment deadline in which Attorney Ruano specifically cited the new dates of depositions as the sole reasons for the requested extension. See Paper #154. Neither attorney denies that they received this motion with this specific reference to the dates of the depositions.

deposition. The deposition notices were mailed out on May 7, 2012, ten days in advance of the depositions. Exhibit 2. However, the deposition notices were inadvertently mailed out with a certificate of service dated May 4, 2012. Exhibit 1. This discrepancy was not done in order to gain any advantage or for any improper purpose but rather an honest mistake. It was not motivated for the need to subvert any deadlines, deceive the court, or deprive any party of notice. The innocuous nature of the inaccurate date on the certificate of service is evidenced by the fact that the cover letter accompanying the deposition notice was dated May 7, 2012. The City does not claim that the notices were sent on May 4, 2012, but acknowledges that they were sent out on May 7, 2012. Exhibit 1.

The Plaintiff was not prejudiced in any way by the discrepancy in dates between the certificate of service and actual mailing of the notices. The deposition notices were mailed out on May 7, 2012, which is ten (10) days prior to the depositions. Significantly, Attorney Evanchuk did attend the May 18, 2012, deposition, of Phyllis White, which was noticed at the same time as the May 17th deposition which they failed to attend. Phyllis White is supposedly an eye witness who was with the other third-party witness, Robert Aldrich Sr., at the time of the events to giving rise to this litigation. Notably, Attorney Evanchuk did not ask Phyllis White a single question throughout the entire deposition.

   3.   <u>Plaintiff's Motion for Sanctions is Meritless</u>

Plaintiff's conduct with respect to these depositions and motion for sanctions is a vexatious litigation tactic aimed at harassing the parties and driving up the cost of litigation. This motion is part of a larger pattern of conduct that has been characterized by the filing of excessive discovery motions and sending inflammatory correspondence that includes unnecessary and unfounded

personal attacks on counsel of record.  See email from Attorney Sunshine to Attorney Ruano, dated May 17, 2012, attached as Exhibit 3.

## CONCLUSION

The City sent all parties of record deposition notices for these two depositions on May 7, 2012. All counsel, with the exception of the Plaintiff's, appeared for the May 17th deposition pursuant to the notice.  The innocuous certificate of service date issue highlighted by the Plaintiff in his motion has no bearing on the Plaintiff's failure to attend the May 17th deposition.  The facts do not warrant the harsh sanctions requested by the Plaintiff and accordingly the motion must be denied.

Submitted by
DEFENDANT CITY OF BOSTON

   /s/ Raquel D. Ruano
Attorney Raquel D. Ruano
373 South Huntington Avenue, Suite 200
Boston, MA 02130
(617) 963-9909
attorneyruano@gmail.com
BBO# 658735

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 22, 2012.

                                                                                                             /s/ Raquel D. Ruano
                                                                                                              Raquel D. Ruano