# United States District Court
# District of Massachusetts

ROBERT ALDRICH,
    Plaintiff,

        v.                           CIVIL ACTION NO. 2009-11282-JLT

TOWN OF MILTON, ET AL.,
    Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANTS LAWRENCE LUNDRIGAN'S AND OFFICER NEE'S MOTION FOR SUMMARY JUDGMENT (#167)

COLLINGS, U.S.M.J.

    Since no opposition was filed by the plaintiff ("Aldrich") to Milton Police Officer Lawrence Lundrigan's ("Lundrigan") and Milton Police Officer Nee's ("Nee") Motion for Summary Judgment (#167), the facts listed in the defendant's L.R. 56.1 Statement of Undisputed Facts (#176) ("56.1 Statement")

are "deemed admitted" only as to Lundrigan's and Nee's motion and not for any other purpose. It appears that Lundrigan's and Nee's only interaction with Aldrich was that they arrived after Sergeant Michael Breen ("Breen") of the Milton Police Department had stopped Aldrich's vehicle after it had crossed the line into the City of Boston. After the stop, Aldrich had given Breen his Massachusetts ID card. While Breen was checking out the ID, Aldrich had gotten out of his vehicle, Breen got out of his vehicle, and the two were talking. It was at this point that Nee arrived. Breen told Nee to keep an eye on Aldrich. Lundrigan then arrived and either Nee or Lundrigan did a pat down of Aldrich to insure that he had no weapons on his person. Lundrigan saw a women's wallet in Aldrich's car and he looked inside of it. Nee and Lundrigan left the scene after the Boston police officers arrived.

Lundrigan and Nee argue that, on these facts, they are entitled to qualified immunity with respect to the alleged illegality of the stop. The Court agrees. If there was an illegal stop, it was made by Breen. Lundrigan and Nee were not present at the time of the stop and had no part in the decision. Thereafter, Nee did nothing more than stand next to Aldrich and perhaps assist Lundrigan when he patted down Aldrich to check for weapons on his person. Lundrigan and Nee were entitled to assume that Breen had acted properly in

stopping Aldrich's vehicle. *Morelli v. Webster,* 552 F.3d 12, 17 (1 Cir., 2009) citing *Whiteley v. Warden, Wyo. State Pen.,* 401 U.S. 560, 568 (1971). There is nothing in the 56.1 Statement which would indicate that they were not entitled to make that assumption.

With respect to the alleged illegal search of Aldrich's vehicle, the situation is somewhat different. The officers allege that what was done at the scene was not a search but rather a protective sweep of the interior of the vehicle for weapons. There is nothing in the 56.1 Statement which would indicate that Nee took any part in this activity. Thus, Nee is entitled to summary judgment on any claim of an illegal search of Aldrich's vehicle.

As to Lundrigan, the 56.1 Statement clearly reveals that he did participate. It is recited that "[w]hile doing the protective sweep, Officer Lundrigan noticed a woman's wallet and look inside of it out of curiosity." (56.1 Statement, #176 at p. 13, ¶ 74) It hardly can be argued that looking into the wallet was for the purpose of locating weapons or anything else which could be used to harm the officers. Lundrigan's actions in lifting up the wallet and inspecting its contents was a "search" and as such, was not authorized by the need to conduct a protective sweep of the vehicle. The distinction is quite

clearly made in the case of *Arizona v. Hicks,* 480 U.S. 321, 324-25 (1987) in which the Court dealt with the situation where the police entered an apartment to conduct a lawful search for a person who had fired a shot, for any victims of the shooting and for weapons. *Id.* at 323. During the search, a police officer saw stereo equipment which he suspected was stolen; he "read and recorded" the serial numbers on the equipment, "moving some of the components...in order to do so." *Id.* The Supreme Court held that the "mere recording of the serial numbers did not constitute a seizure." *Id.* at 324. However, the officer's "moving of the equipment...did constitute a 'search' separate and apart from the search for the shooter, victims, and weapons that was the lawful objective of his entry into the apartment." *Id.* at 324-25. As the Court held:

> [T]aking action, unrelated to the objectives of the authorized intrusion, which exposed to view concealed portions of the apartment or it contents, did produce a new invasion of respondent's privacy unjustified by the exigent circumstance that validated the entry.

*Hicks,* 321 U.S. at 325.

Thus, Lundrigan is not entitled to summary judgment on Aldrich's claim that the intrusion into his car and its contents was a violation of the Fourth Amendment. Finally, there is no evidence in the 56.1 Statement which would

support any claim of assault and battery or a civil conspiracy.

Accordingly, I RECOMMEND that Defendants Lawrence Lundrigan's and Officer Nee's Motion for Summary Judgment (#167) be ALLOWED as to both Nee and Lundrigan with respect to the alleged unconstitutional stop of Aldrich, with respect to any claim of assault and battery, with respect to any claim of civil conspiracy and as to Nee with respect to the alleged unconstitutional search of Aldrich's vehicle but DENIED as to Lundrigan with respect to the alleged unconstitutional search of Aldrich's vehicle.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply to file objections shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d

13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 28, 2012.