# United States District Court
# District of Massachusetts

ROBERT ALDRICH,
    Plaintiff,

        v.                       CIVIL ACTION NO. 2009-11282-JLT

TOWN OF MILTON, ET AL.,
    Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANT KEVIN DOOGAN'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56 (#174)

COLLINGS, U.S.M.J.

    It appears that the only opposition which the plaintiff ("Aldrich") has to Defendant Kevin Doogan's ("Doogan") Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 (#174) is with respect to the claim of use of excessive force on March 12, 2007 when Doogan effectuated a warrantless arrest of Aldrich as he was being released from the Nashua Street Jail.

There are clear disputes of material fact on the issue of whether Doogan used excessive force. In contrast to Doogan's version, *see* #180 at ¶¶ 40-47, Aldrich has testified that Doogan and his partner approached him as soon as he walked through the doors out of the Nashua Street Jail, grabbed him and twisted his arm up and handcuffed him so tightly that the handcuffs caused pain. Aldrich was then pulled face first down the steps of the jail and was put in a van in a manner intentionally designed to cause him pain, i.e., he was not allowed to step up into the van so both his legs hit the metal part of the van as he was placed in it, thereby causing injury. As Aldrich was being pushed into the van, his father approached and asked what was going on. Doogan then drew his gun and told the father to "get the f - - k back, nigger, or I'll blow your brains out." #200, pp. 2-6.

In order to prevail on his excessive force claim, Aldrich must present facts upon which a jury could find that the force Doogan used in arresting him was unreasonable in the circumstances. *Graham v. Connor,* 490 U.S. 386, 396 (1989). The test is objective, *viz.,* "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted).

The facts and circumstances which must be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396.

In the instant case, the crime for which Aldrich was arrested was theft, a non-violent crime. Further, coming out of a jail, Aldrich had no weapons on his person so he could not be considered an immediate threat to the safety of the officers or anyone else, and the most Doogan can say about resistence is that he and Aldrich got into a "tussling match." #180 at p. 6, ¶ 41. There is no indication Aldrich tried to flee.

While the question may be somewhat close, the Court rules that in these circumstances, a jury could find that the officer's actions, as described by the plaintiff, amount to an unreasonable use of force.

Accordingly, I RECOMMEND that Defendant Kevin Doogan's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 (#174) be ALLOWED as to all claims against him except the claim that he used excessive force in effectuating Aldrich's arrest on March 12, 2007, and as to that claim, that Defendant Kevin Doogan's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 (#174)

be DENIED.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply to file objections shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 28, 2012.