# United States District Court
# District of Massachusetts

ROBERT ALDRICH,
    Plaintiff,

        v.                    CIVIL ACTION NO. 2009-11282-JLT

TOWN OF MILTON, ET AL.,
    Defendants.

## *REPORT AND RECOMMENDATION ON DEFENDANT JOHN NGUYEN [sic] MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56 (#177)*

COLLINGS, U.S.M.J.

    Since no opposition was filed by the plaintiff ("Aldrich") to Defendant John Nguyen [*sic*] ("Nguyen") Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56(#177), the facts listed in the defendant's L.R. 56.1 Statement of Facts (#176) ("56.1 Statement") are "deemed admitted" only as to Nguyen's motion and not for any other purpose. The facts reveal that on March 7, 2007,

Nguyen and his partner, both Boston police officers, responded to St. Brendan's Road in Dorchester where Sergeant Breen ("Breen") of the Milton Police Department had stopped the plaintiff. Breen told Nguyen that the plaintiff was operating without a valid license. Nguyen's partner then went back to the Boston Police Department cruiser and accessed the Mobile Data Terminal which revealed that the plaintiff's license had expired, and although he had a valid learner's permit, that permit only allowed him to operate a motor vehicle when an adult accompanied him. Since no adult was in the plaintiff's vehicle, Nguyen and his partner placed the plaintiff under arrest for operating a motor vehicle without a license. Nguyen and his partner conducted an inventory search of plaintiff's vehicle and had the vehicle towed.

On these facts, Nguyen's arrest of the plaintiff and the inventory search of the vehicle were proper and not violative of plaintiff's constitutional rights. Further, there is no evidence to support Nguyen's participation in any other acts which could be said to violate plaintiff's constitutional rights.

Accordingly, I RECOMMEND that Defendant John Nguyen [*sic*] ("Nguyen") Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 (#177) be ALLOWED and that summary judgment enter in favor of Nguyen on all

claims brought against him.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply to file objections shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 28, 2012.