# United States District Court
# District of Massachusetts

ROBERT ALDRICH,
    Plaintiff,

        v.                     CIVIL ACTION NO. 2009-11282-JLT

TOWN OF MILTON, ET AL.,
    Defendants.

## *REPORT AND RECOMMENDATION ON DEFENDANT PAUL NOLAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT (#168)*

COLLINGS, U.S.M.J.

    Since no opposition was filed by the plaintiff ("Aldrich") to Defendant Paul Nolan's ("Nolan") Motion for Judgment on the Pleadings and Motion for Summary Judgment (#168), the facts listed in the defendant's L.R. 56.1 Statement of Undisputed Facts (#176) ("56.1 Statement") are "deemed admitted" only as to Nolan's motion and not for any other purpose. It appears

that Nolan's only interaction with Aldrich was that he conducted a post-incident investigation of Aldrich's complaints against the Milton Police Department resulting from the stop of Aldrich's vehicle on March 7, 2007 after it had crossed the line into the City of Boston. There is no evidence that Nolan was at the scene of the stop or did anything whatsoever regarding the case until a year after the stop when Aldrich filed the complaint.

On these facts, there is no basis upon which it could be found that Nolan violated any of Aldrich's constitutional rights. At a minimum, to support a claim, there has to be an "affirmative link" between the inadequate investigation and the violation of Aldrich's constitutional rights on March 7, 2007. *Febus-Rodriguez v. Betancourt-Lebron,* 14 F.3d 87, 95 n. 11 (1 Cir., 1994) (citing *Kibbe v. Springfield,* 777 F.2d 801, 809 (1 Cir., 1985), *cert. granted,* 475 U.S. 1064 (1986), *cert. dismissed,* 480 U.S. 257 (1987)). Manifestly in the instant case, there is no "affirmative link" between the alleged constitutional violations which took place when Aldrich was stopped and the quality of Nolan's investigation done a year later.

Accordingly, I RECOMMEND that Defendant Paul Nolan's ("Nolan") Motion for Judgment on the Pleadings and Motion for Summary Judgment

(#168) be ALLOWED and that summary judgment enter in favor of Nolan on all claims brought against him.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply to file objections shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 28, 2012.