UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

_____
                                                )
ROBERT ALDRICH,                                 )
     Plaintiff                                  )
                                                )
v.                                              )
                                                )
TOWN OF MILTON; MILTON POLICE DEPARTMENT;)
MICHAEL BREEN, Sgt. Milton Police Officer;      ) C.A. NO. 09-cv-11282 JLT
LAWRENCE LUNDRIGAN, Milton Police Officer;      )
**** NEE, Milton Police Officer; PAUL NOLAN, Deputy, )
Milton Police Officer; CITY OF BOSTON; BOSTON   )
POLICE DEPT.; KEVIN DOOGAN, Det. Boston         )
Police Officer; MICHAEL LINSKY, Det. Boston     )
Police Officer; JOHN NGUYEN, Boston Police Officer; )
     Defendants                                 )
_____)

**DEFENDANTS MICHAEL BREEN, LAWRENCE LUNDRIGAN
AND KEVIN DOOGAN'S JOINT PRETRIAL MEMORANDUM[1]**

      Now come the Defendants, Michael Breen, Lawrence Lundrigan and Kevin Doogan, in the above captioned case, pursuant to Local Rule 16.5(D), and hereby submit the following Joint Pretrial Memorandum.

    1. **Concise Summary of the Evidence:**

      **Offered by Defendant Breen:**

      The Plaintiff is currently serving a twenty-year sentence for burglary.  Sgt. Breen is a police officer employed by the Town of Milton Police Department.  He has worked as a police officer for over 30 years.  Sgt. Breen conducted a motor vehicle stop of the Plaintiff on March 9, 2007.  The Plaintiff alleges that Sgt. Breen conducted the motor vehicle stop without legal authority because the sergeant was not engaged in pursuit and did not have legal police powers in the city of Boston.

---

[1] Due to plaintiff's incarceration there is no input from plaintiff on this memorandum.

On March 9, 2007, two Milton citizens called the Milton Police Department to report home break-ins.  At 5:15:48 a.m., the first citizen reported that someone tried to break into her house.  At 5:35:33 a.m., a second citizen reported that she saw a man who had tried to get into a neighbor's house run into the backyard at 5:15 a.m.  The caller also reported that the man had an older car that made a lot of noise.  The caller described the car as a big SUV, dark color and old "'cuz I could hear the engine, that's what woke me up, or something was wrong with his car."

At 5:40:19 a.m., the Milton police dispatcher radioed "to all units" that a citizen reported a B&E that involved a dark colored SUV headed north on Granite Avenue.  In response, Sgt. Breen began to drive on Granite Avenue following the direction of the suspect vehicle.  Sgt. Breen was looking for a vehicle that matched the description of what the witness gave.  He drove about a quarter of a mile on Granite Avenue and just crossed into Boston.

Just over the line in Boston, Sgt. Breen observed the Plaintiff's vehicle that in his mind matched the description of the suspect vehicle that the dispatcher had given out.  Sgt. Breen thought the Plaintiff's car warranted getting a look to see if it was the same car as reported by the dispatcher.  The Plaintiff's vehicle matched the suspect vehicle's description, location and time and place of travel.  Sgt. Breen observed that the Plaintiff drove (1) an SUV; (2) that was dark in color; (3) located about six-tenths (.6) of a mile from the crime scene; (5) at 5:45 a.m.; (6) found in the direction and area of the suspect SUV – traveling north on Granite Avenue; and (7) found less than thirty minutes from the time of the attempted break-in.

At 5:45:12 a.m., Sgt. Breen radioed in for dispatch to check the Plaintiff's license plate "New Hampshire 2414759, 2414750."   A little over two minutes later (5:47:52 a.m.), the dispatcher informed officers that the Plaintiff's vehicle's registration was "suspended."  The dispatcher reported "'94 Ford Explorer, color green, and it's going to be suspended, to a Phyllis

White out of Manchester."   At that time, Sgt. Breen gave the dispatcher the Plaintiff's social security number to run a license check.   At 5:51:27 a.m. the dispatcher informed officers that the Plaintiff's license was "expired."   Driving with an expired license is an arrestable offense.

At the motor vehicle stop, Sgt. Breen realized that the Plaintiff had three previous B&Es and burglaries in Milton for which the Plaintiff served jail time.   Sgt. Breen asked the Plaintiff if he was the same Robert Aldrich who was previously arrested in Milton.   The Plaintiff did not deny it - he knew he was arrested in Milton some years ago for breaking and entering - once or twice.   The dispatcher informed Sgt. Breen that the Plaintiff "has well over 50 on the BOP.   Last one was in '06, knowingly receiving stolen property.   He does have several B&Es back in the '90s, nighttime, daytime, having burglarious tools.   He has possession of Class B, D.   He has pretty much everything."

The Plaintiff's clothing matched the suspect's clothing.   According to a witness, the suspect was wearing dark clothing and a brown coat.   The Plaintiff admits he was wearing a black suit with white pinstripes.   He also admits he was wearing a brown suede overcoat with fur lining, and at the stop the coat was on the seat of his car.   Sgt. Breen observed the Plaintiff's dark dress clothes at the scene, and saw the Plaintiff's dark coat.   At the time of the Plaintiff's arrest, he had a brown suede jacket with fur lining and a black sweat jacket with a grey collar.

At the stop, Sgt. Breen also noticed a lot of things in the back of the Plaintiff's SUV.   Sgt. Breen suspected that the Plaintiff did a B&E in Milton.   Sgt. Breen also confirmed that the age of the Plaintiff's SUV – thirteen years - matched the age suspect's car "old."

As the Plaintiff complied with Sgt. Breen's order to get back into his car, two Milton Police cruisers arrived.   After the officers arrived, Sgt. Breen told the Plaintiff to get out of his car and the Plaintiff was pat frisked for officer safety.

A Boston Police cruiser arrived with two officers.  Sgt. Breen gave them a synopsis of what had happened.  He informed them that a crime had occurred in Milton, the Plaintiff's vehicle matched a witness description, the Plaintiff's registration was suspended, the operator's license was suspended and that there was possibly stolen property in the Plaintiff's vehicle.

Officers observed numerous handbags, purses, computer parts and other peoples' identification in the Plaintiff's car.  Many of these items were later identified by multiple female victims of home invasions that occurred between midnight and 6:00 a.m.  The Plaintiff claimed that he was unaware that many of the items in his car were reported stolen.  In addition to the stolen items, the Plaintiff had numerous tools in his car at the time of his arrest.

Boston Police Officer Almieda asked the Plaintiff for biographic information such as name, address and social security number.  Boston Police Officer Nguyen gave the Plaintiff a ticket for his offenses.  The Boston Police put the Plaintiff in handcuffs and arrested him, and transported him to BPD for booking.  Boston Police arrested and charged the Plaintiff with operating a motor vehicle with a suspended license, and later executed a search warrant.

It was about ten minutes ("ten minutes maybe") from the time Sgt. Breen stopped the Plaintiff until the Boston Police arrested the Plaintiff.  The Plaintiff had no further interaction with any Milton Police officers that morning.

### **Offered by Defendant Lundrigan:**

Lawrence Lundrigan expects the evidence to show that in the early morning hours of March 9, 2007 he was working as a Patrolman for the Milton Police Department on the "last half" evening shift from 11:30 p.m. to 7:30 a.m.  At approximately 5:18 a.m. he was dispatched to 44 Thistle Avenue to investigate a report by a resident, Louise Barron, that someone tried to break into her home through a back window.  Lundrigan confirmed that a break-in had occurred

by opening the window and breaking one of the curtains, however the homeowner heard the noise and had scared off the intruder.  At about 5:39 a.m. the Dispatcher sent Lundrigan to 33 Courtland Circle to meet with the witness Ms. Helen Garvey who saw a vehicle leaving the area and a man running through the yard.  Lundrigan obtained a description of the suspect as a male wearing a brown jacket, with black pants and black dress shoes on and something pulled up covering the lower portion of his face.  The witness described the suspect's vehicle as an old, dark-colored SUV that had a loud engine noise and informed that it took a right turn onto Granite Avenue heading towards Dorchester.  At 5:40 a.m. the Police Dispatcher broadcast the description of the SUV and direction of travel to all units, and Lundrigan also later broadcast the additional description that the suspect had "dark clothing and a brown coat."  At 5:45 a.m. Sergeant Breen called in the New Hampshire license plate number of the SUV Plaintiff was driving.  At 5:52 a.m. Lundrigan broadcast a further description obtained from the witness of the suspect as "possibly wearing a hoodie with a brown jacket over it" and reiterating that the vehicle "upon leaving Courtland Circle … turned to the right, north, towards Boston, toward the highway."  At about 5:59 a.m. Sergeant Breen asked dispatch to check with Officer Lundrigan to see if the witness "could identify the coat or the person" for a potential show-up identification, but Lundrigan's response came back "no, I'm doubtful of that."  Lundrigan then travelled the short distance to Sergeant Breen's location on St. Brendan Road in Dorchester.  Lundrigan further relayed to Sergeant Breen his discussions with the witness about the description of the suspect.  Lundrigan conducted a protective sweep of the vehicle when the Plaintiff was standing on the sidewalk.  Lundrigan also briefly started the vehicle using the keys in the ignition to confirm the loud engine noise fit the description by the witness.  A Boston Police Cruiser with two officers arrived shortly thereafter and took over control of the scene.  Lundrigan left the

scene after the Boston Police arrived.  Lundrigan had little, if any, interaction with the Plaintiff during the short duration Lundrigan was at the scene.

**Offered by Defendant Doogan:**

Kevin Doogan expects the evidence to show that on March 12, 2007, he applied for and received two (2) search warrants: one for the Plaintiff, Robert Aldrich's clothes, and one for a Ford Explorer driven by the Plaintiff several days before.  After executing the search want on the car, Doogan, along with William Robertson, went to the Nashua Street Jail to execute the search warrant on the Plaintiff's clothes. While seizing the Plaintiff's clothes at Nashua Street Jail, Doogan learned that the Plaintiff was going to be imminently released.  Doogan, therefore, remained on scene to make a warrantless arrest of the Plaintiff based on probable case that some of the items seized earlier in the day in the Plaintiff's car had been stolen.

As Plaintiff was released from Nashua Street Jail, Doogan arrested the Plaintiff on the steps outside of the jail.  Doogan and Roberson placed the Plaintiff into the back of a prisoner transport wagon without incident.  Plaintiff was transported to a Boston Police Station by Boston Police Officers Robert Casper and Jerome Hall.

Doogan expects the evidence to show that he did not use any force to effectuate the Plaintiff's arrest on March 12, 207.  Further, Doogan expected the evidence to show that he never injured the Plaintiff during the arrest on March 12, 2007.  There were no visible injuries on the Plaintiff nor did the Plaintiff complain of any injuries.

2.  **Facts Established by Pleadings, Stipulations or Admissions:**

**Offered by Defendants Breen & Lundrigan:**

The following facts are established by the Answers to the Plaintiff's Complaint or by Plaintiff's Response to the Statement of Undisputed Facts submitted with Defendants' Motion for Summary Judgment:

a.  At 5:15 a.m. on Friday March 9, 2007, the Milton Police Department received a telephone call from Louise Barron of 44 Thistle Avenue reporting an attempted house break.

b.  At 5:35 a.m. a neighbor, Helen Garvey, reported witnessing a man run in her back yard who got in a vehicle and fled up Granite Avenue toward the Boston line.

c.  At 5:40 a.m. the dispatcher relayed a description of the vehicle as a dark-colored SUV with a loud engine noise.

d.  Thereafter, Sergeant Breen headed north on Granite Avenue in that direction.

e.  Just over the Boston line, his attention was drawn to a dark-colored SUV stopped in the middle of the road on a side street without its headlights on.

f.  Sergeant Breen followed the vehicle which turned onto St. Brendan Road, and at 5:45 a.m. called in the license plate, which was reported as "suspended."

g.  Sergeant Breen came alongside the SUV to report the headlights being out to the driver, and obtained the driver's identification as the Plaintiff Robert Aldrich.

h.  Plaintiff Robert Aldrich was driving a 1994 Ford Explorer, dark green in color, that had a loud engine noise, and was registered in New Hampshire to his mother Phyllis White.

i.  Sergeant Breen recognized the Plaintiff as a person previously charged with other house breaks in Milton occurring in the early morning hours in the 1980s.

j.  A license check for Mr. Aldrich revealed his license was expired and revoked.

k.  The dispatcher had provided a further witness description of the suspect as wearing a brown coat, and Plaintiff possessed a brown coat at the time.

l.  Sergeant Breen had requested Boston Police to assist, and they arrived at the scene around 6:00 a.m.

m.  Boston Police verified Plaintiff's license was expired and exercised their own discretion to arrest him for Driving without a License.

n.  An inventory of his vehicle by the Boston Police subsequent to this arrest revealed numerous stolen items in the vehicle from several housebreaks that had recently occurred in the area.

**Offered by Defendant Doogan:**

None.

3.  **Contested Issues of Fact:**

**Offered by Defendants Breen & Lundrigan:**

a.  Whether Plaintiff was travelling to a job interview in Quincy at 5:45 a.m. when he first encountered Sergeant Breen?

b.  Whether it was daylight out when Sergeant Breen first noticed Plaintiff's vehicle operating without headlights prior to 5:45 a.m. on March 9, 2007?

c.  Whether Plaintiff had attempted to break and enter two residences in Milton at 44 Thistle Avenue and 42 Courtland Circle during the early morning hours of March 9, 2007, and then fled in his vehicle a short distance away into Dorchester?

d.  Whether the stolen items found in Plaintiff's vehicle were left there by two female drug addicts, one who was named Cocoa, whom Plaintiff purportedly had given a ride two or three days earlier?

**Offered by Defendant Doogan:**

 e. Did Defendant Doogan use any force to effectuate the Plaintiff's arrest on March 12, 2007?

 f. Was the amount force used, if any, by Defendant Doogan reasonable?

**4. Jurisdictional Questions:**

No questions exist as to the Federal Court's jurisdiction over this lawsuit.

**5. Questions Raised by Pending Motions:**

**Offered by Defendant Breen:**

There are no pending Motions filed by Defendant Breen.  The Defendant does intend to file a number of Motions in Limine concerning anticipated evidentiary issues.

**Offered by Defendant Lundrigan:**

There are no pending Motions filed by Defendant Lundrigan.  The Defendant does intend to file a number of Motions in Limine concerning anticipated evidentiary issues.

**Offered by Defendant Doogan:**

There are no pending Motions filed by Defendant Doogan.  The Defendant Doogan does intend to file a number of Motions in Limine concerning anticipated evidentiary issues.

**6. Issues of Law and Evidentiary Questions (citing Legal Authority):**

**Offered by Defendant Breen:**

Please see those issues identified by Defendant Lundrigan which are hereby adopted. Furthermore, Defendant Breen identifies the additional legal issues:

 A. Did Sgt. Breen have reasonable suspicion, which turned into probable cause to stop Mr. Aldrich on 3/9/07?

B.  Whether Sgt. Breen is entitled to qualified immunity for stopping Aldrich based upon
    reasonable suspicion, which turned into probable cause, for a brief time prior to
    Boston Police arresting Aldrich for driving with a suspended license in Boston just
    over the Milton line?

C.  Whether Plaintiff may call expert witnesses where he has failed to make any expert
    witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2)?

**<u>Offered by Defendant Lundrigan</u>:**

A.  Whether Plaintiff has standing under the Fourth Amendment to be aggrieved of a
    "search" of a third-party's wallet, left in a vehicle registered to his mother, for which
    he was never charged with criminal possession?  See <u>United States v. Goshorn</u>, 628
    F.2d 697, 701 (1st Cir. 1980) (holding criminal defendant had the "burden of proving
    'that his own privacy interest was affected'" by "asserting either that he had placed it
    in the trunk or that he had some possessory interest in the contents" of the bags
    searched).

B.  Whether infringement of rights by the "search" of a third-party's wallet by looking
    into it was de minimis and constitutionally reasonable?   See <u>United States v.
    Jacobsen</u>, 466 U.S. 109, 126 (1984) (holding DEA agent opening parcel and
    conducting destructive testing of white powder infringed no legitimate expectation of
    privacy and therefore did not constitute a "search" within meaning of Fourth
    Amendment, reasoning "To the extent that a protected possessory interest was
    infringed, the infringement was de minimis and constitutionally reasonable.")

C.  Whether Lundrigan is entitled to Qualified Immunity for briefly looking into a third-
    party's wallet during a protective sweep of a vehicle of a suspected burglary suspect?

See Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1994) (discussing qualified immunity available when "a reasonable official could have believed his actions were lawful in light of clearly established law.")

D.  In this lawsuit about whether Sgt. Breen's traffic encounter with Plaintiff comported with the Fourth Amendment is a dispute concerning state law rules governing territorial jurisdiction of municipal police officers relevant or admissible?  See, e.g. U.S. v. Green, 178 F.3d 1099, 1105 (10th Cir. 1999) ("the fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended."); U.S. v. Ryan, 729 F. Supp. 2d 479, 491 (D. Mass. 2010) (holding a law enforcement officer's extraterritorial conduct in "violation of his arrest authority, while clearly contrary to the specific intent of the [jurisdictional] federal legislature, does not convert the otherwise reasonable, probable cause-based arrest of defendant into an unreasonable one.")

E.  Whether the Massachusetts law extending county (and municipal) jurisdiction a distance of 100 rods into a neighboring county (or Town) provided jurisdiction for Sgt. Breen's investigatory stop of Plaintiff?  See Mass. Gen. L. ch. 277 § 57; Com. v. Matthews, 167 Mass. 173, 175 (1896) (stating the statute has the effect "of extending, not only the county line, but also the town line, 'for the purposes of allegation, prosecution and punishment,' into the county and town adjoining.").  "The manifest intent and effect of this enactment are that the boundary line between two counties, and a strip one hundred rods wide on each side of that line, may be treated, for the purposes of allegation, prosecution, and punishment, as being in either county, or, in other words, that each county, for these purposes, may be deemed to extend one

hundred rods into the county adjoining." <u>Com. v. Matthews</u>, 167 Mass. 173, 175 (1896)  A rod is equal to 16.5 feet.  <u>See</u> Table of Weights and Measures, Merriam Webster Dictionary (stating Rod equivalent to 5.50 yards or 16.5 feet).  Thus 100 rods is 1,650 feet or 550 yards, equivalent to about 3/10ths of a mile, and the site of the investigatory stop falls within this distance.  Although the statute pertains to Court jurisdiction for purposes of what venue a crime may be prosecuted, it logically also permits local police to exercise jurisdiction within 100 Rods of the border.

F.   Whether state court motion rulings upon admissibility of evidence in criminal prosecutions against the Plaintiff are prohibited from admission into evidence in this federal civil rights action?  <u>See, e.g.</u> <u>Bilida v. McCleod</u>, 211 F.3d 166, 170-71 (1st Cir. 2000) (noting "individual state officials are not bound, in their individual capacities, by determinations adverse to the state in prior criminal cases. … The reason is that the interests and incentives of the individual police or officials are not identical to those of the state, and the officers normally have little control over the conduct of a criminal proceeding.")

G.   Whether police internal affairs investigatory documents or disciplinary records produced in discovery based upon the now dismissed <u>Monell</u> claims against the Town are prohibited from admission into evidence in the sole remaining claim of a purported civil rights by an alleged unlawful search of a woman's pocketbook by Officer Lundrigan?  <u>See</u> Fed. R. Evid. 401, 403, 404; <u>see also</u> <u>United States v. Frankhauser</u>, 80 F.3d 641, 648 (1st Cir.1996)(discussing evidence of prior bad acts must have "special relevance" to an issue in the case such as intent or knowledge, and

must not include "bad character or propensity as a necessary link in the inferential chain.")

H. Whether evidence of the Town of Milton's post-incident investigation of Plaintiff's internal affairs Complaint is prohibited from admission into evidence where the <u>Monell</u> claims have been dismissed?  <u>See, e.g.</u> Fed. R. Evid. 403, 407.

**Offered by Defendant Doogan:**

A. Whether Defendant Doogan is entitled to qualified immunity for the arrest effectuated on March 12, 2007 at the Nashua Street Jail?

B. Whether Plaintiff may call expert witnesses where he has failed to make any expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2)?

**7.  Requested Amendments to Pleadings:**

Defendants are aware of no requests for amendments to pleadings and reserve the right to object to any requests from Plaintiff to amend his pleadings.

**8.  Additional Matters to Aid in Case Disposition:**

**Offered by Defendants Breen & Lundrigan:**

Given Plaintiff's <u>pro se</u> status, defense counsel will request that his direct testimony, if any, be presented in a question and answer format, rather than a straight narration.  Requiring the pro se Plaintiff to voice questions before then answering the questions will afford defense counsel an opportunity to object to any potentially improper or inadmissible testimony.

Defendants intend to offer into evidence a DVD recording of the police dispatch tape of 3/9/07 (and accompanying stenographic transcript) and play the recording which has a duration of approximately 27 minutes.

Defendants intend to offer into evidence a DVR recording of transactions at the Bank of America Blue Hill Avenue ATM dtd. 1/27/07 from 06:06 to 06:10 a.m.

**Offered by Defendant Doogan:**

None.

9. **Probable Length of Trial**

The Defendants estimate the probable length of trial of 5 to 6 full trial days.

10. **Witness Names and Addresses:**

The Defendants reserve the right to call any witnesses identified by other parties to this lawsuit in Defendants case in chief.  The Defendants further expect to call the following witnesses to testify at trial:

**Offered by Defendants Breen & Lundrigan:**

The Defendants Breen & Lundrigan expect to present the following witnesses in their case-in-chief:

Milton Police Witnesses:

| Witness Name | Topic | Contact information |
|---|---|---|
| Breen, Michael | Milton Police Sergeant responded to 44 Thistle Avenue to investigate an attempted breaking and entering at that residence. | c/o Atty. Jeremy Silverfine, Brody, Hardoon, Perkins & Kesten, LLP, One Exeter Plaza , Boston, MA 02116 (P) (617) 880-7100 |
| Choi, Eric | Milton Patrolman was the reporting officer for Police Incident No. 2007-002102 and responded to 44 Thistle Avenue to investigate attempted breaking and entering of that residence. | c/o undersigned defense counsel John J. Cloherty III |
| Lundrigan, Lawrence | Milton Patrolman responded to 44 Thistle Avenue to investigate an attempted breaking and entering at that residence. | c/o undersigned defense counsel John J. Cloherty III |

| Nee, Christopher | Milton Patrolman responded to Dorchester, Massachusetts to assist Sergeant Breen's investigatory stop of a suspect. | c/o undersigned defense counsel John J. Cloherty III |
|---|---|---|
| Purcell, Ronald | Milton Detective responded to 44 Thistle Avenue to investigate an attempted breaking and entering at that residence and investigated crime. | c/o undersigned defense counsel John J. Cloherty III |

Boston Police Witnesses:

| Almeida, Ana | Boston Police Officer who responded to St. Brendan's Road and placed Plaintiff under arrest. | c/o Atty. Raquel D. Ruano, Esq., Ruano Law Office, P.O. Box 94, Georgetown, MA 01833, (P) (617) 963-9909 |
|---|---|---|
| Nguyen, John | Boston Police Officer Boston Police Officer who responded to St. Brendan's Road and assisted in investigation and arrest of Plaintiff and inventory of vehicle. | c/o Atty. Raquel D. Ruano, Esq. , Ruano Law Office, P.O. Box 94, Georgetown, MA 01833, (P) (617) 963-9909 |

Civilian and State Witnesses:

| Clark, Susan | A victim of a breaking and entering at her residence at 56 Harris Ave., Waltham, MA on 2/17/07. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |
|---|---|---|
| Kaye, Donna | A victim of a breaking and entering at her residence at 17 Beaumont Street, Dorchester, MA on 3/7/07. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |
| Peters, Robert | Director of Driver Licensing, Mass. Registry of Motor Vehicles, will describe Plaintiff's license status as of date of 3/9/07. | c/o Atty. Jean Berke, Esq., Commonwealth of Massachusetts Registry of Motor Vehicles, 10 Park Plaza - 3rd Floor, Boston, MA 02116 (P) (617) 973-7815 |

The Defendants Breen and Lundrigan may call the following additional witnesses if the need arises:

Milton Police Witnesses:

| Witness Name | Topic | Contact information |
| --- | --- | --- |
| Digiovanni, Pamela | Milton Detective responded to 44 Thistle Avenue to investigate an attempted breaking and entering at that residence. | c/o undersigned defense counsel John J. Cloherty III |
| Fahey, Joseph | Milton Patrolman responded to 44 Thistle Avenue to investigate an attempted breaking and entering at that residence. | c/o undersigned defense counsel John J. Cloherty III |
| Morawiak, Michelle A. | Milton Police Cadet acting as dispatcher on 3/9/07. | c/o undersigned defense counsel John J. Cloherty III |
| Nolan, Paul | Milton Deputy Chief who investigated and responded to the complaint by Robert Aldrich in his letter dated April 15, 2008. | c/o undersigned defense counsel John J. Cloherty III |
| O'Neil, James A. | Milton Police Lieutenant was the supervisor overseeing the dispatch desk on 3/9/07. | c/o undersigned defense counsel John J. Cloherty III |

Boston Police Witnesses:

| | | |
| --- | --- | --- |
| Doogan, Kevin | Boston Police Detective who investigated burglaries and unlawful break-ins by Plaintiff. | c/o Atty. Raquel D. Ruano, Esq. , Ruano Law Office, P.O. Box 94, Georgetown, MA 01833, (P) (617) 963-9909 |
| Robertson, William | Boston Police Detective who assisted in investigation of burglaries and unlawful break-ins by Plaintiff. | c/o Atty. Raquel D. Ruano, Esq. , Ruano Law Office, P.O. Box 94, Georgetown, MA 01833, (P) (617) 963-9909 |

Civilian and State Witnesses:

| | | |
| --- | --- | --- |
| Barron, Louise | Resident reporting break-in at 44 Thistle Ave., Milton, MA. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |

| | | |
|---|---|---|
| Bishop, Allan | Geographic Information Systems (GIS) technician for Town of Milton Department of Public Works with knowledge of mapping of border between Milton and Boston. | c/o undersigned defense counsel John J. Cloherty III |
| Garvey, Helen | Resident of 33 Courtland Circle, Milton, MA who witnessed suspect flee scene. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |
| Joyce, Coleman | Resident at 42 Courtland Circle, Milton, MA, whose home was subject of an attempted break on March 9, 2007. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |
| Keeper of the Records, Mass. Dept. of Corrections | Custodian of records concerning Plaintiff's detention and incarceration. | c/o Atty. David Rentsch, Associate General Counsel, Mass. Department of Correction, 70 Franklin Street, Suite 600, Boston, MA 02110-1300 (617) 727-3300 |
| Keeper of the Records, Suffolk County Sheriff's Dept. | Custodian of records concerning Plaintiff's detention and incarceration. | c/o Atty. Kathleen Cawley, Assistant General Counsel, Suffolk County Sheriff's Dept., 200 Nashua Street  Boston, MA 02114 (P) (617) 704-6680 |
| Suttie, Geraldine | A victim of a breaking and entering at her residence at 111 Greenleaf Street, Quincy, MA on 3/8/07. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |
| Sgroi, James F. | Technology Director for Town of Milton who produced video recording of police dispatch recordings | c/o undersigned defense counsel John J. Cloherty III |

| Zagami, Rose | A victim of a breaking and entering at her residence at 119 Milton Street, Boston, MA. | Defense counsel withholds this information pursuant to Mass. Gen. L. ch. 258B § 3(h) which protects from disclosure a crime victim's "residential address, telephone number, or place of employment or school … except as otherwise ordered by the court." |
|---|---|---|

**Offered by Defendant Doogan:**

The Defendant Doogan expects to present the following witnesses in his case-in-chief:

| Witness Name | Purpose | Contact information |
|---|---|---|
| Kevin Doogan | Factual | 1 Schroeder Plaza Boston, MA |
| William Robertson | Factual | 1 Schroeder Plaza Boston, MA |
| Jerome Hall | Factual | 1 Schroeder Plaza Boston, MA |

11. **Proposed Exhibits:**

   **Offered by Defendants Breen & Lundrigan:**

   A.   23 photographs of crime scene at 44 Thistle Avenue, Milton, and 33 Courtland Ave, Milton, and immediate vicinity for Milton Police Department Incident No. 2007-2102

   B.   Compact disk containing audio records of 911 telephone calls to Milton Police on March 9, 2007 related to Incident No. 2007-2102

   C.   DVD recordings of time display and audio of dispatch radio traffic for Milton Police from 05:15 to 06:35 on March 9, 2007 (playing time approx. 27 minutes)

   D.   Dunn Reporting Services Inc. Transcript of Milton Dispatch Recording

E. Color photocopies of aerial photographs from Mass. GIS of vicinity of 44 Thistle Ave., Milton

F. Milton Police Incident Reports, narratives and dispatcher remarks related to Incident No. 2007-2102 (14 pages).

G. Massachusetts Criminal History Systems Board printout for Robert Aldrich dated March 9, 2007 at 05:57.

H. Massachusetts Registry of Motor Vehicles driver inquiry for Robert Aldrich dated March 9, 2007 at 05:54.

I. Milton Police Department, Case No. 91-1856 (9/16/1991 offense date) redacted reports;

J. Milton Police Department, Case No. 84-0017 (1/3/1984 offense date) redacted reports;

K. Milton Police Department, Case No. 81-0728 (3/13/1984 offense date) redacted reports; and

L. Milton Police Department, Case No. 80-1123 (4/20/19080 offense date) redacted reports.

M. Boston Police Incident History for case #PD070127059

N. Boston Police Vehicle Inventory Form (3 pages)

O. Boston Police Property Receipt of G. Suttie.

P. Boston Police Property Receipt of D. Kaye

Q. Boston Police Property Receipt of S. Clark

R. K. Doogan Memo. to Cpt. J. Greland re: Robert Aldrich dtd. 3-12-07

S.      Boston Police Incident Report and Supplemental Reports 1 through 6 for

        Complaint #070127059 (St. Brendan Road arrest)

T.      Boston Police Incident Report and Supplemental Reports 1 through 3 for

        Complaint #070123312 (victim D. Kaye)

U.      Boston Police Incident Report and Supplemental Reports 1 through 3 for

        Complaint #070121443 (victim R. Bowen)

V.      Boston Police Incident Report and Supplemental Reports 1 through 4 for

        Complaint #070050790 (victim D. O'Donovan)

W.      Bank of American Photographic Image, Blue Hill Ave. ATM, dtd. 1/27/07 at

        06:08 a.m.

X.      Bank of American DVR Player recording of images, Blue Hill Ave. ATM, dtd.

        1/27/07 from 06:06 to 06:10 a.m.

Y.      Recordings & Images from security cameras at Point of Sale Retail stores on

        3/6/07

Z.      Boston Police Department inventory photographs of Ford S.U.V. and items

        located therein

AA.     Boston Police Department inventory photographs of items seized pursuant to

        search warrants.

BB.     USM Person Name Scroll screen (RMV Depo. Exh. 1)

CC.     License Inquiry Screen (RMV Depo. Exh. 2A)

DD.     License Transaction History (RMV Depo. Exh. 2B)

EE.     Driving History (RMV Depo. Exh. 2C)

FF.     Exam History, 4 pgs. (RMV Depo. Exh. 3)

GG.     Exam History, 1 pg. (RMV Depo. Exh. 4)

HH.     Decision screen (RMV Depo. Exh. 5)

II.      Driving History screen (RMV Depo. Exh. 6)

JJ.      License Inquiry Screen (RMV Depo. Exh. 7)

KK.     Various letters addressed to Mr. Aldrich (RMV Depo. Exh. 8)

LL.     Various GIS Maps and Satellite Images of Milton-Boston Border (with

        annotations)

MM.    Sunlight/Twilight records

NN.     Plaintiff CORI records

**Offered by Defendant Doogan:**

1.       Plaintiff's booking sheet, including booking photo from March 12, 2007, arrest.

**Proposed Exhibits Plaintiff Reserved a Right to Object**

OO.     Search warrant 0707SW0061;

PP.     Search warrant 0707SW0062; and

QQ.     Photographs/surveillance video from Target and Hip Zepi.

**12. Position on Opposing Party Objections to Exhibits**

Because the Plaintiff is pro se and is incarcerated, there has been no conference concerning

proposed exhibits.

Respectfully submitted,

The Defendant,                                    The Defendant,
MICHAEL BREEN,                                   LAWRENCE LUNDRIGAN,
By his attorneys,                                By his attorneys,

Brody, Hardoon, Perkins & Kesten, LLP            **PIERCE, DAVIS & PERRITANO, LLP**


____/s/ Jeremy Silverfine_____          _____/s/ John Cloherty_____
Jeremy Silverfine, BBO# 542779                   John J. Cloherty III, BBO# 566522
One Exeter Plaza                                 90 Canal Street
Boston, MA 02116                                 Boston, MA 02114
(617) 880-7100                                   (617) 350-0950
jsilverfine@bhpklaw.com                          jcloherty@piercedavis.com


The Defendant,
KEVIN DOOGAN,
By his attorneys,


____/s/ Raquel Ruano_____
Raquel D. Ruano, BBO# 658735
Ruano Law Office
P.O. Box 94
Georgetown, MA 01833
(617) 963-9909
attorneyruano@gmail.com
- and -
Lisa Skehill Maki, BBO# 675344
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022
Lisa.Maki@cityofboston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on January 31, 2013.

/s/ John J. Cloherty III_____
John J. Cloherty III