UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ALDRICH,<br>    Plaintiff<br><br>v.<br><br>MICHAEL BREEN, Sgt. Milton Police Officer; LAWRENCE LUNDRIGAN, Milton Police Officer; KEVIN DOOGAN, Det. Boston Police Officer,<br>    Defendants | C.A. NO. 09-cv-11282 WGY |

## DEFENDANTS LAWRENCE LUNDRIGAN AND MICHAEL BREEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Now come the Defendants, Lawrence Lundrigan and Michael Breen, and hereby Oppose Plaintiff's Motion for Sanctions Against Attorneys Jeremy Silverfine and John Cloherty. See Docket #367. As grounds for this Opposition, the Defendants state there was no impropriety in responding to the Court's question concerning jurisdiction by mentioning the 100 Rods rule despite dicta in the Magistrate Judge's Report on that law's application. In further support of this Opposition, the Defendants state as follows:

1. Plaintiff's motion falsely alleges defense counsel "attempted to deceive the Court by reintroducing the previously excluded '100 rods' law to purposely mislead the newly assigned trial judge." See Docket #367 at ¶3. This allegation is false in multiple regards: there was no previous exclusion of the "100 Rods" law, nor was there any misleading when counsel merely responded to an inquiry from the bench about whether the Milton Police had jurisdiction to enter Boston.

2. The Plaintiff is referencing footnote 2 to the Report and Recommendation by Magistrate Judge Collings on the Milton Municipal Defendants' Motion for Summary Judgment and

Plaintiff's Cross-Motion. Not only is this footnote considered mere dicta, but it is the Magistrate's notation in response to Plaintiff's own efforts to use the Town's reference to the 100 Rods Rule as evidence of a purported unconstitutional policy or practice of extraterritorial police action.[1] See Colling's Report pp. 7-8 (Docket #234). Thus Plaintiff is seeking sanctions concerning defense counsel responding to a question from the bench but not mentioning the dicta from an interlocutory Magistrate Judge's decision denying Plaintiff's own cross-motion for summary judgment against the Town Defendants who are no longer parties to this case. This request for sanctions is patently frivolous.

3. Nonetheless, the so-called "100 Rods Rule" remains a live issue in the case to the extent Plaintiff claims the investigatory stop was unlawful based upon it being extraterritorial, because the statute arguably provided police jurisdiction over the municipal border.[2] The issue also remains relevant to the question of Qualified Immunity, which looks to "whether a reasonable official could have believed his actions were lawful in light of clearly established law." Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1994). Furthermore, the close proximity in distance of 100 Rods on either side of the municipal border between the crime scene and the location of the investigatory traffic

---

[1] "'Dictum constitutes neither the law of the case nor the stuff of binding precedent,' … rather, it 'comprises observations in a judicial opinion or order that are 'not essential' to the determination of the legal questions then before the court.'" Arcam Pharm. Corp. v. Faria, 513 F.3d 1, 3 (1st Cir. 2007) (citations omitted).

[2] Of course, the issue of state law inter-municipal jurisdiction for police need not even be reached by the jury in this case, which is premised upon a violation of the federal Constitution, not state law. See, e.g. U.S. v. Green, 178 F.3d 1099, 1105 (10th Cir. 1999) ("the fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended."); U.S. v. Ryan, 729 F. Supp. 2d 479, 491 (D. Mass. 2010) (holding a law enforcement officer's extraterritorial conduct in "violation of his arrest authority, while clearly contrary to the specific intent of the [jurisdictional] federal legislature, does not convert the otherwise reasonable, probable cause-based arrest of defendant into an unreasonable one.").

stop is one of the factors supporting the existence of "reasonable suspicion" or "probable cause" that Plaintiff committed the Breaking & Entering, demonstrating the police conduct comported with the Fourth Amendment.

4. It is well-settled that "[i]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case." See Perez–Ruiz v. Crespo–Guillen, 25 F.3d 40, 42 (1st Cir. 1994)  As the First Circuit has noted, the "law of the case is a discretionary doctrine, especially as applied to interlocutory orders such as this one. … As Justice Holmes expressed it, '[T]he phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'"  In re Cabletron Systems, Inc., 311 F.3d 11, 21-22 n. 2 (1st Cir. 2002) (quoting Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) and Messinger v. Anderson, 225 U.S. 436, 444 (1912)).  This rational extends to summary judgment rulings: "an initial denial of summary judgment does not foreclose, as the law of the case, a subsequent grant of summary judgment on an amplified record." Fisher v. Trainor, 242 F.3d 24, 29 n.5 (1st Cir. 2001).

5. The response to a Judicial question about police jurisdiction by mentioning the 100 Rod Rule is so far from being a sanctionable event as to implicate this motion seeking sanctions as frivolous and warranting sanctions itself. See Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008) ("Garden-variety carelessness or even incompetence, without more, will not suffice to ground the imposition of sanctions under section 1927. Rather, an attorney's actions must evince a studied disregard of the need for an orderly

judicial process, … or add up to a reckless breach of the lawyer's obligations as an officer of the court, …. Bad faith is not an essential element, but a finding of bad faith is usually a telltale indicium of sanctionable conduct.")

WHEREFORE, the Defendants Lawrence Lundrigan and Michael Breen hereby request this Honorable Court to Deny Plaintiff's Motion for Sanctions.

Respectfully submitted,

| | |
|---|---|
| The Defendant,<br>MICHAEL BREEN,<br>By his attorneys, | The Defendant,<br>LAWRENCE LUNDRIGAN,<br>By his attorneys, |
| **Brody, Hardoon, Perkins & Kesten, LLP** | **PIERCE, DAVIS & PERRITANO, LLP** |
| _/s/ Jeremy Silverfine_<br>Jeremy Silverfine, BBO# 542779<br>One Exeter Plaza<br>Boston, MA 02116<br>(617) 880-7100<br>jsilverfine@bhpklaw.com | _/s/ John Cloherty_<br>John J. Cloherty III, BBO# 566522<br>90 Canal Street<br>Boston, MA 02114<br>(617) 350-0950<br>jcloherty@piercedavis.com |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 28, 2013.

 _/s/ John J. Cloherty III_
 John J. Cloherty III